IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SEAN W. BECK,**

    **Plaintiff,**

                                    **Case No. 2:17-cv-420**
                                    **Chief Judge Michael H. Watson**
    **v.**                             **Magistrate Judge Elizabeth P. Deavers**

**MICHAEL LEARY,**

    **Defendant.**

## ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Sean W. Beck, a federal inmate who is proceeding without the assistance of counsel, seeks to file a civil action without prepayment of fees or costs. Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the Complaint required by 28 U.S.C. § 1915(e), the Court **RECOMMENDS** that the action be dismissed for lack of subject matter jurisdiction

Plaintiff brings this civil action seeking review of a final state court judgment that granted the adoption petition relating to Plaintiff's claimed biological child. This Court, however, lacks jurisdiction to consider Plaintiff's claim.

> Federal district courts do not stand as appellate courts for decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Rooker-Feldman doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004). Federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

*Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013). Because Plaintiff seeks relief from the effect of the judgments of Ohio courts, the *Rooker-Feldman* doctrine divests this Court of jurisdiction to resolve that claim. *See Ryan v. McIntosh*, No. 2:13–CV–00880, 2014 WL 580137, *6 (S.D. Ohio Feb. 12, 2014).

It is therefore **RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date:  May 17, 2017                             s/ *Norah McCann King*  _____
                                                NORAH McCANN KING
                                                UNITED STATES MAGISTRATE JUDGE