UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sean W. Beck,

    Plaintiff,

v.                                      Case No. 2:17-cv-420

Michael Leary,                  Judge Michael H. Watson
                                                Magistrate Judge Deavers

    Defendant.

## OPINION AND ORDER

Sean W. Beck ("Plaintiff") is a federal inmate proceeding *pro se*. He filed this action to seek review of a final state court judgment that granted the adoption petition relating to Plaintiff's claimed biological child. Magistrate Judge King issued a report and recommendation ("R&R") granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") but, after conducting an initial screening of his Complaint pursuant to 28 U.S.C. § 1915(e), recommending dismissal of Plaintiff's action for lack of subject matter jurisdiction. R&R, ECF No. 2. Specifically, Magistrate Judge King concluded that the *Rooker-Feldman* doctrine divests this Court of jurisdiction to resolve Plaintiff's claims seeking relief from the effect of a state court judgment. *Id.* at 2. Plaintiff objects. ECF No. 8.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff makes two objections to Magistrate Judge King's findings. First, Plaintiff asserts that he did not file his Complaint until after the Court issued the R&R, and therefore, the Court made its recommendation without a proper review of his Complaint. This objection is not well taken. Plaintiff attached to his motion for leave to proceed IFP a copy of his Complaint and exhibits to the Complaint. ECF No. 1. Accordingly, Magistrate Judge King was able to properly review Plaintiff's entire Complaint before making her recommendation pursuant to 28 U.S.C. § 1915(e).

Second, Plaintiff avers that this Court does have jurisdiction to hear his claims for due process violations allegedly caused by the decisions of the Ohio state courts. This objection is meritless. Plaintiff's Complaint "request[s] permission . . . to bring action [sic] from states [sic] court to the federal courts" and alleges that the "trial court, appeals court, and the the [sic] Supreme Court of Ohio" violated Plaintiff's due process rights by terminating his parental rights without clear and convincing evidence that his child was permanently neglected. Compl., ECF No. 1-1, PAGEID # 6. Plaintiff also alleges that the state appellate court improperly ruled on the adoption petition without reviewing the transcripts of

the probate court. *Id.* at PAGEID # 7. Plaintiff essentially seeks a review of a final state court judgment. This Court's review of such a judgment is barred by the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings. A review of such judgments may be had only in [the United States Supreme] Court."); *see also Sturgis v. Hayes*, 283 F. App'x. 309, 313 (6th Cir. 2008) (stating that the *Rooker-Feldman* doctrine precludes federal courts from hearing cases in which "a plaintiff asserts . . . that a state court judgment itself was unconstitutional or in violation of federal law" (quoting *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006)). Therefore, the Magistrate Judge correctly concluded that this Court has no jurisdiction to consider Plaintiff's claims.

Accordingly, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, and **DISMISSES** this case with prejudice.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**